UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

American General Life Insurance,

        Plaintiff,

v.

Michael Fuqua, Carl Stewart, and
Swanson Funeral Home, Inc.,

        Defendant.

_____/

Case no. 14-cv-14173
Hon. Judith E. Levy
Mag. Judge Michael J. Hluchaniuk

**OPINION AND ORDER DENYING DEFENDANT MICHAEL FUQUA'S MOTION FOR RECONSIDERATION [33]**

I. Background

This case is before the Court as an interpleader action filed by American General Life Insurance ("American General") as a result of a dispute over life insurance benefits from a policy held by Ethel Baker (the "decedent"). Defendants Michael Fuqua, the decedent's nephew, and Carl Stewart, the decedent's grandson, each claim they should be the sole beneficiary under the policy. (Dkt. 1.)

On June 12, 2011, the decedent applied for a life insurance policy.

Stewart was listed as the sole beneficiary. (Id. at 8-11.) On September 7, 2011, Ethel Baker completed a change of beneficiary form, and she listed Fuqua as the primary beneficiary and Stewart as the secondary beneficiary. (Id. at 55.) On January 17, 2014, the decedent completed a second change of beneficiary form and listed Stewart as the sole beneficiary of her life insurance policy. (Id. at 57.) All of the forms were signed by the decedent and an agent witness, Warren Woodard.

On March 10, 2014, the decedent died, and on March 21, 2014, Fuqua wrote a letter to American General alleging fraudulent activity by Stewart. (Id. at 59.) American General filed this complaint on October 29, 2014.

On October 30, 2014, the Court entered an order directing that life insurance benefits, in the amount of $15,690.68, be deposited with the Court's registry into an interest bearing account. (Dkt. 5.) On May 12, 2015, this matter came before the Court for oral argument on Michael Fuqua and Carl Stewart's cross motions for summary judgment. Fuqua requested a period of discovery because he believed the evidence would show that Stewart engaged in fraud to become the sole beneficiary or

that the decedent did not have sufficient mental capacity to make the final change of beneficiary.

The Court had a hearing and oral argument was heard. At the conclusion of the hearing, the Court granted Stewart's motion for summary judgment and ordered the disbursement of funds for the reasons set forth on the record. (Dkt. 32.) The Court determined that there was no evidence suggesting that the final designation of beneficiary should be set aside and that additional discovery would be futile.

On May 22, 2015, Fuqua filed a "Request for Rehearing Under Any Rules Federal That Appl[y]," which the Court now construes as a motion for reconsideration of the Court's order granting Stewart's motion for summary judgment and denying Fuqua's motion for summary judgment or for additional discovery.

II. Analysis

Local Rule 7.1(h) allows a party to file a motion for reconsideration. Motions for reconsideration should not be granted if they "merely present the same issues ruled upon by the court, either

expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). To prevail on a motion for reconsideration a movant must "not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). "A palpable defect is a defect that is obvious, clear, unmistakable, manifest or plain." *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997). The "palpable defect" standard is consistent with the standard for amending or altering a judgment under Fed. R. Civ. P. 59(e). *Henderson v. Walled Lake Consol. Schs.*, 469 F.3d 479, 496 (6th Cir. 2006).

In his motion for reconsideration, Fuqua argues that the Court failed to take note of two pieces of evidence in the decedent's medical record: (1) on February 7, 2014, the decedent's family expressed concerns about the decedent's psychological condition, and (2) on January 2, 2014, a doctor noted that the decedent was negative for behavioral problems, confusion, and agitation. (Dkt. 33.)

4

This evidence was already considered, either explicitly or by reasonable implication, in the Court's order granting Stewart's motion for summary judgment. For that reason, the motion for reconsideration will be denied. E.D. Mich. L.R. 7.1(h)(3).

The family's concern about the decedent's psychological condition was made three weeks after she completed the change of beneficiary form. (Dkt. 33 at 3.) This subjective concern is contradicted by the objective medical evidence. As the Court previously noted, on January 2, 2014, a doctor wrote that the decedent was oriented with respect to place and time, appeared well-developed, and was in no distress. (Id. at 5.) Fuqua points to what he characterizes as a confusing statement by a doctor made at this same exam – that the decedent was "[n]egative for behavioral problems, confusion, and agitation." By "negative" for these conditions, the doctor means that the decedent did not show signs of such problems. These objective evaluations demonstrate that the decedent was capable of making a decision about her life insurance beneficiary, or at least that no factual question has been raised

indicating that she was unable to competently make a change of beneficiary.

Accordingly, for the reasons set forth above, IT IS HEREBY ORDERED that:

Defendant Michael Fuqua's Motion for Reconsideration (Dkt. 33) is DENIED.

Fuqua asks in the alternative for a copy of the May 12, 2015 transcript from the oral argument to support his appeal.  Mr. Fuqua is directed to www.transcriptorders.com.

Dated: May 28, 2015         s/Judith E. Levy
Ann Arbor, Michigan         JUDITH E. LEVY
                            United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 28, 2015.

                            s/Felicia M. Moses
                            FELICIA M. MOSES
                            Case Manager